{¶ 41} SHAW, J., concurs in part and dissents in part. I concur with the majority analysis and disposition of the first assignment of error. Under the second assignment of error, I am inclined to agree with the majority that the record does not contain sufficient evidence to adequately support the findings of the trial court as to specific psychological harm and organized criminal activity. However, I disagree with the conclusion of the majority that those findings are necessary to support a consecutive sentence in this case.
 {¶ 42} The evidence in this case, now affirmed by this court, establishes that knowing he was under detention, the appellant looked directly at a group of police officers and stating "fuck you", displayed the clear intention to do whatever was necessary in causing injury or death by deliberately driving his vehicle through and/or over any one of them, in order to make his escape. Fortunately, the one officer closest to being hit was somehow able to save himself from such injury or death. The majority and perhaps the trial court, seem to believe that the element of "harm" noted in R.C. 2929.14(E)(4)(b) requires a specific physical or psychological harm assigned to a particular victim. However, there is no such requirement spelled out in the statute. Rather, the harm caused need only be great or unusual as related to the seriousness of the conduct.
 {¶ 43} In any event, I believe some personal harm to Major Van Horn is properly inferred from these circumstances, whether he has specifically acknowledged it or not. However, even assuming arguendo that the trial court would not be permitted to make such an inference without direct testimony, it is my view that the unique threat to law enforcement and to the public posed by the mentality and actions of the appellant in this case, could easily support the requisite finding of harm under R.C.2929.14(E)(4)(b) and would also support the finding by the trial court that a single term did not adequately reflect the seriousness of the appellant's conduct. Moreover, I disagree with the conclusion of the majority that the trial court's numerous findings concerning this incident fail to address the issue of proportionality of consecutive sentences to the seriousness of the appellant's conduct in this situation and the danger to the public. For these reasons, I respectfully dissent. I would affirm the convictions and sentence.